**Not for Publication**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ADAM TECHNOLOGIES LLC, <br><br> *Plaintiff*, <br><br> v. <br><br> WELL SHIN TECHNOLOGY CO., LTD.; DONGGUAN WELL SHIN ELECTRONICS PRODUCTS CO., LTD.; WELL SHIN USA; and XYZ Companies 1-4, <br><br> *Defendants*. | Civil Action No. 18-cv-10513 <br><br> **OPINION** |

**John Michael Vazquez,  U.S.D.J.**

This matter comes before the Court on Defendant Conntek Integrated Solutions, Inc.'s (improperly named as "Well Shin USA" and referred to here as "Conntek") motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]  D.E. 47.  Plaintiff Adam Technologies, LLC ("Adam Tech.") filed a brief in opposition to the motion, D.E. 54, to which Defendant replied, D.E. 58.[2]  For the reasons set forth below, Defendant's motion is **GRANTED.**

---

[1] Initially, Defendant Dongguan Well Shin Electronics Products Co., Ltd. ("Dongguan Well Shin") joined in this motion and also sought to be dismissed as a Defendant pursuant to Federal Rule of Civil Procedure 12(b)(5).  On November 21, 2019, Dongguan Well Shin withdrew its motion because Judge Waldor extended Plaintiff's deadline to effect service on Dongguan Well Shin. D.E. 57.  Accordingly, the Court only considers Conntek's arguments for dismissal pursuant to Rule 12(b)(6).

[2] In this Opinion, Defendant's brief in support of its motion to dismiss (D.E. 47-1) will be referred to as "Def. Br."; Plaintiff's brief in opposition (D.E. 54) will be referred to as "Plf. Opp." and Defendant's reply (D.E. 58) will be referred to as "Def. Reply."

## I. BACKGROUND[3] AND PROCEDURAL HISTORY

Adam Tech. is located in Union, New Jersey, and is a manufacturer and seller of specialized electronic components made or produced by its Taiwan branch, Adam Technologies Int., Ltd. Adam Tech. had a contract with General Electric Appliances ("GE") to design and create a custom connector for a wire harness to be used for GE washing machines and other appliances. Compl. ¶¶ 1, 19, D.E. 1. Adam Tech. pleads that it has been issued a patent for its connector in Taiwan and has a patent pending in the United States. *Id.* ¶¶ 7, 34.

At some point after Adam Tech. designed the connector, Adam Tech. was contacted by Dongguan Well Shin, who requested to buy the part to use in a wire harness it was manufacturing for GE. *Id.* ¶ 2. To protect its intellectual property, Adam Tech. and Dongguan Well Shin entered into the Non-Disclosure Non-Compete Agreement (the "Agreement") on January 23, 2015. *Id.* ¶ 4, Ex. B. Dongguan Well Shin then purchased products from Adam Tech. for approximately the next two years. *Id.* ¶ 23. Plaintiff pleads that Conntek, an entity that is located in Kentucky and Wisconsin, "acted as an agent" for the other Defendants such that it is vicariously liable to Plaintiff. *Id.* ¶ 18. Each Defendant is also "the alter ego of each of the other defendants." *Id.*

In July or August of 2017, Dongguan Well Shin began to complain about the quality of the connector and allegedly refused to pay for delivered stock and outstanding invoices. *Id.* ¶ 24. Adam Tech. alleges that these were false and unsubstantiated claims. *Id.* ¶¶ 24-25. Adam Tech. appears to allege that Dongguan Well Shin began making the false claims because it was manufacturing the connector part itself or through other vendors or manufacturers. *Id.* ¶ 26.

---

[3] The factual background is taken from Plaintiff's Complaint, which includes two attached exhibits. D.E. 1. When reviewing a Rule 12(b)(6) motion to dismiss, "courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

Adam Tech. subsequently brought suit against Conntek, Dongguan Well Shin and Well Shin Technology Co. Ltd. ("Well Shin Tech."), asserting claims for patent infringement, breach of contract, Lanham Act violations, and New Jersey unfair competition violations.  In response, Defendants filed a motion to dismiss for lack of jurisdiction, insufficient service of process, and failure to state a claim.  D.E. 11.  On August 12, 2019, this Court granted Defendants' motion as to Well Shin Tech. for lack of personal jurisdiction pursuant to Rule 12(b)(2).  Aug. 12 Opinion at 6-11.  This Court also quashed service as to Dongguan Well Shin and Conntek because service was improper as to both entities, and granted Plaintiff leave re-serve these Defendants.  *Id.* at 11-14.  Because the motion was granted on these grounds, the Court did not address Defendants' arguments as to dismissal for failure to state a claim.

Plaintiff served Conntek on September 13, 2019, D.E. 48, and on October 29, 2019, Conntek renewed its motion to dismiss pursuant to Rule 12(b)(6), D.E. 47.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint that fails "to state a claim upon which relief can be granted[.]"  For a complaint to survive dismissal under Rule 12(b)(6), it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims."  *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016).  In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009).  Restatements

of the elements of a claim are legal conclusions, and therefore, are not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). The Court, however, "must accept all of the complaint's well-pleaded facts as true." *Fowler*, 578 F.3d at 210.

## III. ANALYSIS

### A. Unfair Competition (Counts Two and Three)

Conntek maintains that the unfair competition claims should be dismissed as to it because Plaintiff fails to sufficiently allege the required elements for an unfair competition claim under federal or state law. Def. Br. at 10. To state a claim for unfair competition under the Lanham Act, 15 U.S.C. § 1125(a), "a plaintiff must demonstrate that (1) it has a valid and legally protectable mark; (2) it owns the mark; and (3) the defendant's use of the mark to identify goods or services causes a likelihood of confusion." *A & H Sportswear, Inc. v. Victoria's Secret Stores, Inc.*, 237 F.3d 198, 210 (3d Cir. 2000). A claim for unfair competition under the New Jersey Unfair Competition Act, N.J.S.A. 56:4-1, *et seq.*, tracks federal law. *Emerson Radio Corp. v. Emerson Quiet Kool Co., Ltd.*, No. 17-5358, 2018 WL 1169132, at *3 (D.N.J. Mar. 6, 2018) ("The pleading standards are the same for trademark infringement and unfair competition claims under state and federal law.").

Trademarks, which include "words, names, symbols, and the like[,] . . . help[] consumers identify goods and services that they wish to purchase, as well as those they want to avoid." *Metal v. Tam*, 137 S. Ct. 1744, 1751 (2017) (internal citations omitted). In this instance, the Complaint generally discusses the proprietary design and manufacture of Plaintiff's connector. *See, e.g.*, Compl. ¶ 40. The Complaint, however, is devoid of allegations demonstrating that the connector has any identifying characteristics such that any part of the product could constitute a valid and legally protectable mark. In fact, Plaintiff concedes that "it does not have a trademark or

registration of a trademark."[4]  Plf. Opp. at 7.  Accordingly, without a protectable mark, Plaintiff cannot state a claim for unfair competition under the Lanham Act or the New Jersey Unfair Competition Act.  Counts Two and Three are dismissed.

### B.  Patent Infringement (Count One)

Conntek argues that Plaintiff's patent infringement claim must be dismissed because Plaintiff does not own an enforceable patent.[5]  Def. Br. at 7.  Plaintiff pleads that it has been issued a Taiwanese patent and has a patent pending in the United States.  Compl. ¶ 34.  Courts lack standing to hear patent claims until the patent is actually issued.  Prior to issuance, there is no justiciable controversy and any judicial determination about the pending patent amounts to an advisory opinion.  *See Matthews Int'l Corp. v. Biosafe Eng'g, LLC*, 695 F.3d 1322, 1331-32 (Fed. Cir. 2012) (affirming district court's decision that it lacked subject matter jurisdiction to hear patent claims related to patent that issued a month after the suit was filed); *GAF Bldg. Materials Corp. v. Elk Corp. of Dallas*, 90 F.3d 479, 482 (Fed. Cir. 1996) ("The fact that the patent was about to issue and would have been granted before the court reached the merits of the case is of no moment.").[6]

---

[4] Plaintiff argues that a plaintiff does not need to have a federally registered trademark to assert an unfair competition claim in federal court.  Plf. Opp. at 9.  "The Lanham Act protects unregistered marks to the same extent as registered marks because trademark rights emanate from use and not merely registration."  *Renna v. County of Union*, 88 F. Supp. 3d 310, 320 (D.N.J. 2014) (quoting *Duffy v. Charles Schwab & Co., Inc.*, 97 F. Supp. 2d 592, 598 (D.N.J. 2000)).  But a plaintiff must still allege that there is a protectable mark.  Plaintiff fails to do so here.

[5] Although Conntek seeks to dismiss the patent claim pursuant to Rule 12(b)(6), the basis for dismissal is properly framed as one for lack of subject matter jurisdiction.  In any event, when subject matter jurisdiction is challenged on the basis of the pleadings pursuant to Rule 12(b)(1), courts apply the same standard of review as a Rule 12(b)(6) motion to dismiss.  *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012).

[6] Because the issues raised in this motion with respect to Plaintiff's patent claim pertain to and are unique to patent law, the law of the federal circuit applies.  *Genetic Veterinary Scis., Inc. v.*

Plaintiff maintains that the patent claim should not be dismissed because it now has an enforceable United States patent. Plf. Opp. at 2. Plaintiff, however, cannot amend its pleading through a brief. *Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.") (quoting *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1107 (7th Cir.1984)). Because Plaintiff lacked a patent when it filed the Complaint, Plaintiff's patent infringement claim is dismissed with respect to its patent issued by the United States.

Turning to Plaintiff's alleged Taiwanese patent, Conntek argues that a plaintiff can only claim infringement in the United States for a patent issued by the United States. Def. Br. at 7. This statement is not entirely accurate. Rather, this Court does not have original subject matter jurisdiction over a claim of infringement for a patent issued outside of the United States.[7] *Mars Inc. v. Kabushiki-Kaisha Nippon Conlux*, 24 F.3d 1368, 1372-74 (Fed. Cir. 1994). Consequently, this Court may only hear Plaintiff's claims regarding its Taiwanese patent if there is supplemental jurisdiction pursuant to 28 U.S.C. § 1367. *Voda v. Cordis Corp.*, 476 F.3d 887, 894, 898 (Fed. Cir. 2007) (declining to exercise supplemental jurisdiction over foreign patent claims pursuant to 28 U.S.C. § 1367(c)(4) because "considerations of comity, judicial economy, convenience, fairness, and other exceptional circumstances constituted compelling reasons to decline jurisdiction").

---

*LABOKLIN GmbH &Co. KG*, 933 F.3d 1302, 1312 (Fed. Cir. 2019) ("In reviewing a district court order regarding subject-matter jurisdiction, we apply the standard of review of the regional circuit . . . unless the issue pertains to or is unique to patent law.").

[7] "Federal courts are not courts of general jurisdiction." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541-42 (1986). In order to adjudicate a case, a federal court must have subject matter jurisdiction. *Id.* While neither party raised the issue of subject matter jurisdiction here, "a federal court is bound to consider its own jurisdiction preliminary to consideration of the merits." *Kaplan v. Garrison*, No. 15-1915, 2015 WL 2159827, at *2 (D.N.J. May 6, 2015) (quoting *Trent Realty Assocs. v. First Fed. Sav. & Loan Ass'n of Phila.*, 657 F.2d 29, 26 (3d Cir. 1981)).

28 U.S.C. § 1367(a) confers district courts with supplemental jurisdiction over "claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). 28 U.S.C. § 1367(c),[8] however, gives district courts discretion to decline to hear claims they would otherwise have supplemental jurisdiction to entertain pursuant to § 1367(a).

§ 1367(c)(3) provides that a "district court[] may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). While the determination is discretionary, "[t]he general approach is for a district court to . . . hold that supplemental jurisdiction should not be exercised where there is no longer any basis for original jurisdiction*." Shaffer v. Township of Franklin*, No. 09-347, 2010 WL 715349, at *1 (D.N.J. Mar. 1, 2010); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) (encouraging federal courts to avoid "[n]eedless decisions of state law"); *Markowitz v. Ne. Land Co.*, 906 F.2d 100, 106 (3d Cir. 1990) ("[T]he rule within this Circuit is that once all claims with an independent basis of federal jurisdiction have been dismissed the case no longer belongs in federal court."). Here, because Plaintiff's Lanham Act and patent claim based on the patent pending in the United States are dismissed for failure to state a claim, there is

---

[8] § 1367(c) provides in full as follows:

> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if--
>    (1) the claim raises a novel or complex issue of State law,
>    (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>    (3) the district court has dismissed all claims over which it has original jurisdiction, or
>    (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

no other basis for federal question subject matter jurisdiction.  As a result, the Court declines to exercise supplemental jurisdiction over Plaintiff's claim based on its Taiwanese patent.

Moreover, because Plaintiff is granted leave to file an amended pleading, the Court also notes the following.  Retaining supplemental jurisdiction is a matter of discretion.  *Voda,* 476 F.3d at 897.  In *Voda,* "the Federal Circuit made clear that it is almost always an abuse of discretion to use that supplemental power [of 28 U.S.C. § 1367(c)) to deal with infringement claims involving foreign patents."  *Fairchild Semiconductor Corp. v. Third Dimension (3D) Semiconductor, Inc.*, 589 F. Supp. 2d 84, 91 (D. Me. 2008).  Of key concern to the Federal Circuit was that "[b]ased on the international treaties that the United States has joined and ratified . . . , a district court's exercise of supplemental jurisdiction could undermine the obligations of the United States under such treaties, which therefore constitute an exceptional circumstance to decline jurisdiction under § 1367(c)(4)."  *Voda*, 476 F.3d at 900.  The Federal Circuit also explained that considerations of comity, judicial economy, convenience and fairness also weighed heavily against exercising supplemental jurisdiction over most foreign patent claims.  *Id.* at 900-04.

As a result, assuming that Plaintiff will be able adequately replead claims over which the Court has original subject matter jurisdiction, and assuming that Plaintiff's Taiwanese patent claims form part of the same case or controversy (which is not clear given the dearth of factual support for Plaintiff's patent claim) such that the Court has supplemental jurisdiction, the Court highly doubts that there will be a compelling reason to exercise its supplemental jurisdiction.  As the Federal Circuit made clear in *Voda*, § 1367(c)(4) strongly weighs against exercising supplemental jurisdiction in the vast majority of cases.

Count One, therefore, is also dismissed as to Plaintiff's Taiwanese patent.

### C.  Breach of Contract (Count Four)

Conntek seeks to dismiss the breach of contract claim because it is not party to the Agreement.[9]  Def. Br. at 15-16.  To state a claim for breach of contract under New Jersey law, a party must allege, among other things, that "the parties entered into a contract."  *Pollack v. Quick Quality Rests., Inc.*, 452 N.J. Super. 174, 188 (App. Div. 2017) (citing *Globe Motor Co. v. Igdalev*, 225 N.J. 469, 482 (2016)); *see also Comly v. First Camden*, 22 N.J. Misc. 123, 197 (N.J. Sup. Ct. 1944) ("However, it may be said that as a general rule an action on a contract cannot be maintained against a person who is not a party to it.").  Plaintiff does not plead that Conntek was a party to the Agreement, nor is Conntek referenced anywhere in the Agreement itself.  *See* Compl. ¶ 58, Ex. B.  Accordingly, Plaintiff cannot state a breach of contract claim as to Conntek based on an alleged breach of the Agreement.

Plaintiff counters that even though it is not party to the Agreement, Conntek "identified itself as part of the Well Shin business operation and was acting on behalf of Well Shin located in China."  Plf. Opp. at 11.  Plaintiff does plead that Defendants "acted as an agent for each other," are each "directly and vicariously liable to the plaintiffs," and that "[e]ach defendant is the alter ego of each of the other defendants."  Compl. ¶ 18.  Plaintiff, however, pleads no further facts in the Complaint to support any of these conclusory allegations.  Further, Plaintiff fails to provide any legal support for its argument that a non-signatory to a contract should be liable for a breach of that contract.  The Court cannot determine if Plaintiff sufficiently pleads a claim as to Conntek

---

[9] Plaintiff pleads that the Court also has supplemental jurisdiction over this state law claim pursuant to 28 U.S.C. § 1367.  Compl. ¶¶ 9-10.  As discussed, Plaintiff's federal intellectual property claims are dismissed.  Therefore, the Court also declines to exercise supplemental jurisdiction over this claim pursuant to 28 U.S.C. § 1367(c)(3).  However, because the Court will provide Plaintiff with leave to file an amended complaint, the Court addresses Defendant's arguments for dismissal pursuant to Rule 12(b)(6).

without such factual and legal support.  Therefore, Plaintiff's breach of contract claim is dismissed as to Conntek.

## IV.  CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss is **GRANTED**.  Plaintiff is granted leave to file an Amended Complaint with respect to the dismissed claims.  Plaintiff has thirty (30) days to file an Amended Complaint, if it so chooses, consistent with this Opinion.  If Plaintiff fails to file an Amended Complaint, the dismissed claims will be with prejudice.  An appropriate order accompanies this opinion.

Dated:  May 4, 2020

John Michael Vazquez, U.S.D.J.